IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 25-2558-SMD |
| | ) | |
| GREGORY VANDENBERG, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>UNITED STATES' NOTICE OF OTHER CRIMES OR BAD ACTS PURSUANT TO RULE 404(b)</u>

The United States provides formal notice to defense counsel of its intent to present the

following evidence pursuant to Federal Rule of Evidence 404(b).[1]

## I.    BACKGROUND

The United States seeks to introduce jail calls made by Defendant that contain harassing

and intimidating statements specifically directed at a government witness in this case, namely the

FBI case agent. The calls were outlined in Exhibit 7 of Doc. 110 (sealed exhibits corresponding

to Motion Regarding Jail Calls (Doc. 109)). The United States also seeks to introduce statements

Defendant made, during his transport to the correctional facility at the time of his arrest, about

confronting two witnesses in this case.

---

[1] Rule 404(b) requires the government, upon request by the defendant, to *provide reasonable notice in advance of trial*, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.  Fed. R. Evid. 404(b) (emphasis added). While the United States acknowledges this notice is after the Court's pretrial deadline for Rule 404(b) notice, the jail calls were disclosed after the Court's deadline had passed. Accordingly, the United States has good cause for now providing this notice still well in advance of trial.

## II. ARGUMENT

The United States seeks the admission of Defendant's jail calls and texts—specifically those calls and texts in which he engages in a lengthy pattern witness intimidation—as evidence of his consciousness of guilt, pursuant to Rule 404(b). Rule 404(b) provides that "evidence of other crimes, wrongs, or acts" is not admissible as character evidence. Fed. R. Evid. 404(b). However, such evidence *is* admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*

"Consciousness of guilt evidence, such as attempts to *influence* or threaten witnesses, is considered Fed. R. Evid. 404(b) evidence." *United States v. Esparsen*, 930 F.2d 1461, 1475 (10th Cir. 1991) (emphasis added). Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Under this rule, "[e]evidence of threats to a prosecution witness is admissible as showing consciousness of guilt if a direct connection is established between the defendant and the threat." *United States v. Smith*, 629 F.2d 650, 651 (10th Cir. 1980) (citations omitted) (emphasis added); *see also* Fed.R.Evid. 404(b) (evidence of bad acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").

The Tenth Circuit has held that "a defendant's threat against a potential witness is generally admissible under Rule 404(b)" because "such threats show the defendant's intent to prevent the witness from testifying, and are thus an implicit acknowledgment of the defendant's guilt." *United States v. Nichols*, 374 F.3d 959, 967 (10th Cir. 2004), *vacated on other grounds*, 1278 543 U.S. 1113 (2005), *quoted in United States v. Vazquez-Villa*, 423 F. App'x 812, 817 (10th Cir. 2011). In *United States v. Esparsen*, the Tenth Circuit held that this involves Rule

404(b) "[b]ecause matters such as motive, intent, plan, or knowledge essentially involve 'consciousness of guilt.'" 930 F.2d 1461, 1476 n. 16 (10th Cir. 1991), *quoted in United States v. Swan*, 494 F. App'x 838, 842 (10th Cir. 2012).

The following four factors govern the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b): "(1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant." *United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (*citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). The district court's admission of this evidence is reviewed only for abuse of discretion. *United States v. Snow*, 82 F.3d 935, 943 (10th Cir. 1996).

"Evidence is offered for a proper purpose if it is utilized for any of the 'other purposes' enumerated in Rule 404(b)," *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011), and that enumerated list "is illustrative, not exhaustive," *United States v. Brooks*, 736 F.3d 921, 939 (10th Cir. 2013) (*citing United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001)). Here, the evidence is offered for a proper purpose because "[c]onsciousness of guilt evidence may be relevant to motive, intent, plan, or knowledge." *United States v. Billy*, 659 F.Supp.3d 1275, 1278 (D.N.M. 2023) (*citing Esparsen*, 930 F.2d 1461, 1476 n. 16 (10th Cir. 1991). Defendant's pattern of abusive and intimidating comments directed at the case agent in jail calls he knows are being monitored are a clear effort to harass, intimidate, and discourage the prosecution against him. Defendant's efforts to interfere with the proceeding by attempting to bully or frighten a named government witness are properly offered as evidence of his consciousness of guilt. Likewise, Defendant's statements about confronting the two firework store witnesses he believes

cooperated with law enforcement evidence an intent to prevent their testimony and are admissible to show his consciousness of guilt—including his acknowledgment that such cooperation will "ruin [his] life." Doc. 59-7 at 1–2 (FBI Form 302, by Heather Snide).

The proffered evidence is clearly relevant. Defendant's pattern of behavior directed at the case agent and witnesses against him shows his intent to intimidate and harass witness and prevent their testimony, which is an "implicit acknowledgement of the defendant's guilt." *Id.* (*quoting United States v. Nichols*, 374 F.3d 959, 967 (10th Cir. 2004), *vacated on other grounds*, 543 U.S. 1113 (2005).

Finally, the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice given the nature of the allegations and the defendant's ongoing efforts to intimidate witnesses involved in the prosecution against him. *Id.* Other bad act evidence that is offered for a proper purpose such as consciousness of guilt under Rule 404(b) is still subject to Rule 403 balancing. *See United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 404(b). Although the district court has considerable discretion in performing the Rule 403, balancing, "exclusion of evidence under Rule 403 . . . is an extraordinary remedy and should be used sparingly." *Tan*, 254 F.3d 1204, 1211 (internal quotations omitted) (emphasis added). Unfair prejudice must do more than "damage the Defendant's position at trial." *Id.* Any relevant evidence of a defendant's crime is "by its nature detrimental to a defendant who asserts he is not guilty." *Id.* Thus, evidence is only unfairly prejudicial if "it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Id.*

at 1211-12 (emphasis in original). Furthermore, even if evidence is found to be unfairly

prejudicial, it may only be excluded if such prejudice "substantially outweigh[s] the probative

value of the evidence." *Id.* (emphasis in original).

The evidence at issue here is not unfairly prejudicial. This evidence is not of such an

inflammatory nature that it would cause the jury to seek to punish the defendant solely on the

basis of this evidence. It is also highly probative of Defendant's consciousness of guilt. His

ongoing attempts to intimidate and harass multiple government witnesses in the case against him

demonstrates his concerns that these witnesses would provide testimony damaging to his case.

This evidence displays Defendant's "awareness that the government is likely to prevail at trial."

Such evidence is highly probative of Defendant's guilt, is not inflammatory, and presents little

danger of unfair prejudice. Therefore, introduction of the evidence mentioned above is

admissible under Fed. R. Evid. 404(b) and 403.

## III.  CONCLUSION

The United States respectfully asks the Court to admit the tendered evidence pursuant to

Rule 404(b) at Defendant's trial.


Respectfully Submitted,
TODD BLANCHE
Deputy Attorney General
RYAN ELLISON
Acting United States Attorney

_____
GRANT B. GARDNER
JONI AUTREY STAHL
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I
electronically filed the foregoing using
the CM/ECF system which will send notification to
defense counsel of record by electronic means.

***Electronically Filed on 12/23/2025***
GRANT B. GARDNER
Assistant United States Attorney