UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 25-CR-2558 SMD |
| GREGORY VANDENBERG, | § § § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES NOTICE OF OTHER CRIMES OR BAD ACTS PURSUANT TO RULE 404(B).**

COMES NOW defendant, Gregory Vandenberg, by and through his attorney of record, Dean Clark and responds in opposition to the government's 404(b) notice, and for the reasons below respectfully requests the Court exclude all of the government's proposed evidence.

**Background Facts**

1. The government alleges that on June 12, 2025 Greg Vandenberg stopped at Bowlin's Continental Divide, a gas station and souvenir shop on Interstate Highway 10 approximately 20 minutes east of Lordsburg, New Mexico.

2. The government alleges while there the defendant made a number of comments to the clerk, Joseph Ramirez. The government alleges Vandenberg told Ramirez the following:

   A. He wanted to injure and kill some officers;

   B. He invited Ramirez to come with him to meet his platoon in California for the riots;

   C. He had 80 year old mortar explosives in his car; and

   D. He had just been in the San Diego riots (Ex. 1).

3. Based on the information above, FBI Agent Lilly Aldana filed a Criminal Complaint then an Amended Criminal Complaint in this matter (Sealed Complaint and Amended Complaint)

4. In her Complaint Criminal and Amended Criminal Complaint, Aldana swore under oath that Greg Vandenberg stated as follows:

A. He would be travelling to Los Angeles, California for the riots to kill law enforcement officers *or government officials*. (Emphasis added); and

B. He had mortar explosives with him and planning on utilizing them at the riots to kill officers.

5. The defendant vehemently denied and still denies these allegations.

6. It should be noted Aldana's FBI 302 does not support her statements in her affidavits.

7. Based, at least in part, on Aldana's embellishments about Vandenberg wanting to kill officers, early the next morning numerous law enforcement officers conducted a SWAT arrest of the defendant. The agents did not announce their presence and give Vandenberg an opportunity to surrender. Instead they immediately deployed "flash bangs", shot out his back window, and sprayed him with GS gas.

8. On July 16, 2025, just over a month after the defendant was arrested and while was still in jail, Agent Aldana again interviewed Joseph Ramirez.

9. At this second interview, Mr. Ramirez "clarified" Vandenberg NEVER used the word "kill" instead he only used the word hurt or harm (Ex. 2).

10. Mr. Ramirez' July 16, 2025 statement confirmed what the defendant had been saying all along, he did not threaten to kill police officers and Aldana was wrong.

11. After he was arrested, the government alleges Vandenberg made a number of statements while being transported. The government now wishes to introduce testimony that Vandenberg asked the agents, while in custody and in transport, "Should I go confront them (the clerks) for making false reports (Ex. 3).

12. The government also wishes to introduce several calls the defendant made to his undersigned attorney in which he belittles Agent Aldana and accused her of lying among other things.

**Argument and Law**

This Court should summarily deny government's request, it is baseless, spurious, and abusive. Simply put, the government has improperly mischaracterized the defendant's statements as threats and the cases it cites are easily distinguished.

In regard to the statement made while he was in custody about confronting the witnesses for making false statements, the defendant asked the federal agents if he should do so. The agent said no and that ended the conversation. The defendant did not have a direct connection to the witnesses that day or any other time since. The defendant did not talk to the witnesses they were not a part of the conversation.

In regard to the phone calls, the government has clearly disregarded the Court's previous advice on good form and raced to the bottom.

It appears the government now seeks to introduce phone calls the defendant made to the undersigned in which he vented his frustration at Agent Aldana for filing false affidavits. To be sure: Aldana filed two separate affidavits that were false. The defendant knew it. Mr. Ramirez later confirmed it. The defendant has every right to be angry at Aldana. Her work was either amazingly sloppy or an old fashioned lie. In either event, it was false - he had a right to be angry.

Any conversation with his lawyer, or anyone else in which he complains of Aldana is not consciousness of guilt, its consciousness of being right.

Additionally, although the defendant knew his calls were being recorded by the jail, there is no evidence he knew Aldana would be monitoring them or intended to scare her away from the courthouse.

In addition to the above, the defendant objects under rule 403 as any probative value is substantially outweighed by the risk or danger of unfair prejudice, misleading the jury or confusing the jury.

Finally the defendant objects to the timing of the motion.

For all the above reasons, the defendant respectfully requests the Court deny the government's request.

>Respectfully Submitted,
>
>RUSSELL DEAN CLARK, LLC
>*/S/ R.D. Clark*
>Russell Dean Clark
>Attorney for Greg Vandenberg
>P.O. Box 576
>Las Cruces, NM 88004
>Telephone: (575) 526-9000
>Facsimile: (575) 526-9800

### CERTIFICATE OF SERVICE

I, Russell Dean Clark, certify that on 4th day of January, 2026, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system that will serve all other parties entitled to service and notice

>*/S/ R.D. Clark*
>Russell Dean Clark